# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

COREY D. BYRD,

    Petitioner,

v.                                           CASE NO: 8:11-cv-2097-T-30MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondent(s).
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus (hereinafter "Petition") pursuant to 28 U.S.C. § 2254 (Dkt. 1). The Court has considered the petition, Respondents' response (Dkt. 27) and Petitioner's reply (Dkt. 30). Upon review, the Court determines that the petition must be denied because it is untimely under 28 U.S.C. § 2244(d) and fails to satisfy 28 U.S.C. §§ 2254(d) and (e).

## BACKGROUND

Petitioner was indicted for first degree murder in case no. 2004-CF-3841 of the Twelfth Judicial Circuit, Manatee County, Florida. He pled "not guilty" and, after a jury trial, was found guilty as charged. Petitioner was adjudicated guilty on October 6, 2005, and was sentenced to life imprisonment. An appeal followed, and on January 12, 2007, the state appellate court affirmed per curiam without written decision in case no. 2D05-5190. *Byrd*

*v. State*, 949 So. 2d 205 (Fla. Dist. Ct. App. 2007). Petitioner did not seek certiorari review from the United States Supreme Court.

On January 22, 2008, Petitioner filed a *pro se* post-conviction motion under Fla. R. Crim. P. Rule 3.850 based on seven (7) grounds. Several amended Rule 3.850 motions followed. All except one of Petitioner's grounds were summarily denied, and after conducting an evidentiary hearing, the post-conviction court denied the remaining Rule 3.850 ground on February 1, 2010. Petitioner did not file an appeal before the time to do so expired on March 3, 2010. On April 27, 2010, however, Petitioner filed a motion for belated appeal, which was granted. The appeal was considered but the post-conviction court's denial of relief was affirmed per curiam without written decision, and the mandate issued November 16, 2011. Petitioner filed the instant petition under 28 U.S.C § 2254 on September 15, 2011, raising five claims of ineffective assistance of counsel, one claim that the trial court lacked subject matter jurisdiction, and one claim of a double jeopardy violation.

## STANDARD OF REVIEW

**A.    AEDPA**

Since Petitioner's conviction was entered after the enactment of the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to the provisions thereof. When a federal court is asked to review a criminal conviction from state court, 28 U.S.C. § 2254 places a heavy burden upon the petitioner. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

>(1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or
>
>(2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Essentially, AEDPA attempts to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). As the Supreme Court held in *Williams*, the district court's review of the state court's factual findings must be highly deferential. 529 U.S. at 362. Furthermore, the state court's findings are presumed to be correct unless rebutted by clear and convincing evidence. *Id.* The findings of the state court shall be accepted unless they are "contrary to" established Supreme Court precedent or involve an "unreasonable application" of such precedent. *Id.* Finally, if no Supreme Court precedent is on point, or if such precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established federal law. *Mitchell v. Esparaza*, 540 U.S. 12, 17 (2003).

**B.     Ineffective Assistance of Counsel**

Where a claim of ineffective assistance of counsel is made, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Deficient performance is performance which is objectively unreasonable under the prevailing professional forms. *Id.* at 688. Prejudice results when there is "a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Eleventh Circuit has held that "[w]hen applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998). "To state the obvious: trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' " *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987)).

Under *Strickland*, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992).

## **DISCUSSION**

**A.     Petition Is Not Time-Barred under § 2244(d)**

The Petition is not time-barred pursuant to 28 U.S.C. § 2244(d). State prisoners whose conviction became final after April 24, 1996, the effective date of the AEDPA, have

a one-year limitation to file a § 2254 habeas petition starting from the last of the following four events: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim presented could have been discovered through due diligence.  Under 28 U.S.C. § 2244(d)(2), the time in which a properly filed state post-conviction motion or other collateral review is pending does not count towards the time period for filing habeas corpus.

Under 28 U.S.C. § 2244(d)(1)(A), a conviction becomes final by "the conclusion of the direct review or the expiration of time for seeking such review." *Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002).  Petitioner's judgment was final on May 23, 2007; that is, ninety (90) days after the Florida district court denied his motion for rehearing of the silent affirmance on his direct appeal.  *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (holding Florida prisoner's conviction became "final" for AEDPA purposes on date that 90-day period for seeking certiorari review expired).  Accordingly, absent any collateral proceeding that tolled the federal statutory time period, Petitioner's federal habeas was due on or before May 23, 2008.

Petitioner did not file any collateral state court actions until January 22, 2008 – i.e., 243 days after final judgment – when he filed his state Rule 3.850 motion.  That motion was denied on February 1, 2010, at which time the tolling ceased.  Because Petitioner did not

timely appeal the denial of his Rule 3.850 motion, such motion was no longer pending on March 3, 2010, when the time expired for appealing its denial. Thereafter, an additional period of 55 days ran on Petitioner's AEDPA clock before he filed a motion for belated appeal on April 27, 2010. If a motion for belated appeal is granted, it tolls an *unexpired* AEDPA period. *Williams v. Crist*, 230 Fed. Appx. 861, 867-68 (11th Cir. 2006). Petitioner filed this Petition on September 15, 2011, before the post-conviction court's denial of relief was affirmed on November 16, 2011. Therefore, when this Petition was filed, a total of 298 (243 plus 55) days had elapsed and 67 days remained on Petitioner's AEDPA clock, rendering the Petition timely.

This Court acknowledges the State's argument of untimeliness vis-a-vis *Williams*. In *Williams*, one of the five reasons the court cited for concluding that a belated appeal motion had a tolling effect was that the appeal was docketed in the same appellate case number as the belated appeal motion. *Id.* at 868. The State attempts to distinguish the instant case from *Williams* by emphasizing that a separate appeal was instituted in which review of Petitioner's Rule 3.850 denial was undertaken. However, this is not dispositive and does not control here because the other reasons from *Williams* support tolling.

**B.      Petition Fails To Satisfy The Requirements Of §§ 2254(d)-(e)**

Petitioner's writ of habeas corpus fails to satisfy the requirements of §§ 2254(d)-(e). Under § 2254(d), a district court may entertain a state prisoner's application for writ of habeas corpus of a claim that was adjudicated on the merits in state court proceedings when: (1) the result or application was contrary to clearly established Federal law or (2) when the

result was based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. Pursuant to § 2254(e)(1), a factual finding made by the State court shall be presumed to be correct and the petitioner has the burden to rebut the correctness by clear and convincing evidence.

The federal court will not hold an evidentiary hearing on a claim where the factual basis was not developed in state court unless (1) it relies on a new rule of constitutional law that is retroactively applied on collateral review or (2) it relies on a factual predicate that could not have been discovered through due diligence. § 2254(e)(2). In either of these two cases, the facts must establish by clear and convincing evidence that but for the constitutional error, the petitioner would not have been found guilty. § 2254(e)(2)(B).

### *Ground One: Failure to File an Adequate Motion for Judgment of Acquittal*

In support of ground one, Petitioner argues that his trial counsel did not adequately move for a judgment of acquittal. Petitioner claims his counsel's "boiler-plate" motion did not set forth sufficient legal argument or facts challenging the sufficiency of the State's evidence and deprived him of appropriate appellate review. The State responds that even after Petitioner was given an opportunity to amend, he merely pointed to his own testimony and failed to establish that a more artfully presented motion for judgment of acquittal would have had any likelihood of success.

The post-conviction court denied relief on this claim, stating Petitioner "has failed to allege sufficient *facts* indicating that a more thorough motion for judgment of acquittal would have had a likelihood of success." (Dkt. 29, Ex. 13). Indeed, vague and conclusory claims

failing to state facts which would show an entitlement to relief can be dismissed without further effort by the Court. *Blackledge v. Allison*, 431 U.S. 63, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977); *see also Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim). Accordingly, Petitioner is not entitled to relief on this ground.

### *Ground Two: Trial Court Lacked Subject Matter Jurisdiction*

Petitioner claims that the trial court lacked subject matter jurisdiction over his first degree murder offense under the felony murder theory once a directed verdict had been granted with respect to the state's evidence on the premeditation theory. Petitioner alleges that he was only charged under the premeditation theory. The State responds that "with respect to his claim that the state court lacked subject matter jurisdiction, the state decision thereon rests on an adequate foundation of state substantive law" and thus falls outside the ambit of 28 U.S.C. § 2254. This Court agrees.

Federal habeas relief is available to correct only those injuries resulting from a violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). A state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983) (per curiam);

*Smith v. Wainwright*, 741 F.2d 1248, 1258 (11th Cir. 1984); *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988).

Further, a state court's jurisdiction to enter a judgment and sentence a defendant is a matter of state law that is not cognizable on federal collateral review. *Green v. McNeil*, 2011 U.S. Dist. LEXIS 77005, 15–16, 2011 WL 2790167 (N.D. Fla. June 22, 2011) (unpublished) (citing *Chandler v. Armontrout*, 940 F.2d 363, 366 (8th Cir. 1991) ("The adequacy of an information is primarily a question of state law and we are bound by a state court's conclusion respecting jurisdiction.")). Whether the charging document was sufficient is a state law matter and is beyond the scope of this Court's review under 28 U.S.C. § 2254. *Id.* at 16. Accordingly, Petitioner's claim does not warrant relief.

### *Ground Three: Failure to Request Jury Instruction Regarding Prior Convictions*

In ground three of the instant petition, Petitioner faults his trial counsel for not requesting an instruction that the jury should not consider his prior convictions as substantive evidence of his guilt. In his rule 3.850 motion, Petitioner did not suggest that his counsel should not have brought out the number of his prior felony convictions. Rather, he faulted his counsel for not adducing testimony as to whether his prior convictions were based on guilty pleas and then not seeking an instruction for the jury not to consider his guilty pleas as substantive evidence.

The post-conviction court conducted an evidentiary hearing, at which Petitioner's counsel explained her concerns about opening the door to details concerning his prior criminal record. The post-conviction court credited counsel's explanation in finding that

counsel's decisions were reasonable strategic decision made after consideration of alternative courses. Petitioner does not overcome the presumption of correctness of the state court's findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Nor does he demonstrate that the state courts' application of the *Strickland* standard was unreasonable.

Federal relief is available to correct only constitutional injury. *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983). Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact. *Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Absent a decision that was based on an unreasonable determination of the facts in light of the evidence presented, this Court is bound by those factual findings. Accordingly, Petitioner is not entitled to relief on this ground.

### *Ground Four: Failure to Move for Arrest of Judgment*

In ground four of the instant petition, Petitioner alleges that his trial counsel was ineffective for failing to object or move for an arrest of judgment after the jury convicted him of first-degree felony murder when he had already been "acquitted" of the primary crime of premeditated murder. Petitioner reiterates his theory from Ground Two – that he was not charged with felony murder – and faults his counsel for not pressing that notion in support of arrest of judgment. The post-conviction court recognized that Petitioner's indictment charging first degree murder was sufficient to charge premeditation or felony murder, and the trial court had expressly denied the motion for acquittal on the latter theory.

In order to show a violation of the Sixth Amendment right to counsel, Petitioner must satisfy the two-pronged inquiry of *Strickland*. The post-conviction court's decision represents a reasonable application of *Strickland's* prejudice prong. Further, the decision settles that a motion for arrest of judgment on the grounds proposed would have failed as meritless under Florida law. Petitioner has therefore failed to demonstrate that his attorney's performance was deficient or that he was prejudiced. Accordingly, Petitioner is not entitled to relief on this ground.

### *Ground Five: Double Jeopardy Violation*

In support of ground five, Petitioner asserts that the whole indictment became voided once the acquittal for premeditated murder was granted, and "without any re-indictment or information being filed to be prosecuted violated the Double Jeopardy clause." The State counters that Petitioner's jury was properly instructed on the alternative theory of first-degree murder based on felony murder. The State further argues that such alternative theory was not held to be factually insufficient, and thus, Petitioner was not effectively acquitted of first-degree murder.

A double jeopardy claim may only be brought under § 2254 when it involves a state court decision that "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). As the Florida Supreme Court has recognized, a defendant may be retried on the same first degree murder where one of two

alternative theories is factually insufficient but the other is not.  *See Delgado v. State*, 948 So.2d 681, 686–87 (Fla. 2006), citing *Griffin v. United States*, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991); *San Martin v. State*, 717 So.2d 462, 470 (Fla. 1998)).  The Court is unable to say that the trial court's rejection of Petitioner's double jeopardy claim was objectively unreasonable or in contravention of a federal law.  Therefore, Petitioner is not entitled to relief on this claim.

### *Ground Six and Seven: Failure to Object to Introduction of Certain Evidence*

Petitioner claims his counsel rendered ineffective assistance by not objecting to the State's adducing an edited copy of the recording of his statements to police and to the editing of recorded statements of Petitioner at the suppression hearing.  In denying his grounds summarily, the post-conviction court rejected his underlying challenge to the admissibility of the copy of the tape based on state law.  Further, the state court found there was no evidence of tampering by the state with regard to the taped interview, and portions offered were based on the relevancy thereof.

Again, Petitioner raises allegations of ineffective assistance of counsel, a difficult claim to sustain.  In order to show a violation of the Sixth Amendment right to counsel, Petitioner must satisfy the two-pronged inquiry of *Strickland*.  *See Bell v. Cone*, 535 U.S. 685, 698, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (courts should apply *Strickland* to claims that counsel failed to satisfy constitutional requirements at specific points).  Petitioner has failed to demonstrate that the attorney's performance was deficient or that he was prejudiced.  Accordingly, Petitioner is not entitled to relief on this ground.

**CONCLUSION**

For the foregoing reasons, the Court determines that the Petition fails to meet the requirements under 28 U.S.C. §§ 2254(d)-(e).  It is therefore

ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED.**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  *Id.*  "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*,

463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on July 31, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2011\11-cv-2097.deny 2254.wpd